```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Jane C. Avery

    v.                              Civil No. 09-cv-265-JD

Robert W. Hughes


<u>O R D E R</u>

Jane Avery brought breach of contract claims against Robert Hughes, alleging that he breached a lease agreement and a purchase and sale agreement.  The court granted Avery's motion for partial summary judgment, concluding that Hughes is liable for breaching the lease and the purchase and sale agreement.  The court also concluded that Avery's damages for Hughes's breach of the purchase and sale agreement are not limited to the $25,000 deposit Hughes paid.

Hughes moves for reconsideration of the decision that his $25,000 deposit did not constitute liquidated damages. "[M]otions for reconsideration are appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009); LR 7.2(e).

In support of his motion, Hughes contends that the court misconstrued <u>Orr v. Goodwin</u>, 157 N.H. 511 (2008), and improperly applied provisions of the agreement to conclude that the $25,000 deposit was not liquidated damages. He argues, as he did in his objection to summary judgment, that by retaining the deposit, Avery elected to accept that amount as liquidated damages. As is explained in the order, Avery had a right to the deposit before the breach occurred based on paragraphs 14 and 17 of the lease agreement. If the deposit were construed as liquidated damages, Avery would be left without a remedy for the breach. Further, Avery elected not to accept the deposit as liquidated damages.

Therefore, the court finds no manifest error of law or fact in the order granting partial summary judgment and no ground for granting reconsideration.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 51) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 2, 2010

cc: Laurie R. Bishop, Esquire
    Timothy A. Gudas, Esquire
    William C. Saturley, Esquire