```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Jane C. Avery

    v.                              Civil No. 09-cv-265-JD

Robert W. Hughes


O R D E R

    Jane C. Avery filed a statement in which she argues that the amount of attorneys' fees, owed to her pursuant to the lease agreement, is a matter for the court to decide. The court directed Robert W. Hughes to respond to the statement. In his response, Hughes argues that he has a right to have the jury decide the fees issue.

    Avery contends that the amount of attorneys' fees, owed pursuant to a contract provision, is a matter to be decided by the court, not a jury. She acknowledges that the First Circuit has not decided the issue but relies on decisions from other federal courts, which conclude that the amount of an award of fees based on a contract provision is not a jury question. See Eastern Trading Co. v. Refco, Inc., 229 F.3d 617, 627 (7th Cir. 2000) (holding that an award of attorneys's fees pursuant to the parties' agreement was not an issue for the jury); Ideal Electronic Sec. Co. v. Int'l Fidelity Ins. Co., 129 F.3d 143, 150 (D.C. Cir. 1997) ("[O]nce a contractual entitlement to attorney's

fees has been ascertained, the determination of a reasonable fee award is for the trial court in light of the relevant circumstances."); McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1315 (2d Cir. 1993) ("[A]lthough plaintiff had the right to a jury decision on whether defendants should recover attorneys' fees, plaintiff did not have the right to a jury decision on the amount of attorneys' fees.").  In his response, Hughes merely asserts a general right to a jury trial for contract issues and does not address the specific issue of the amount of fees or the cases that Avery cites.

    In granting partial summary judgment, the court determined that Hughes breached the lease agreement and the amount of damages owed.  The lease agreement provides, in pertinent part, "[I]f Landlord seeks legal advice or assistance to enforce any breach of the Lease . . . , the Tenant agrees to pay all costs, charges, and expenses including attorneys' fees. Specifically, Tenant is liable for all such costs involved in any collection or eviction action in which Landlord is successful."  Therefore, Hughes must pay the reasonable attorneys' fees that Avery has incurred in enforcing his breach of the lease agreement.

    Although Hughes claims a general Seventh Amendment right to a jury to decide the amount of fees owed, he has not cited any cases to support his position, nor has he distinguished the cases

Avery cites.  The court is persuaded by the majority opinion that when, as here, a party is entitled to attorneys' fees pursuant to a contract provision, the amount of attorneys' fees is decided by the court.

The court will hear evidence on the amount of attorneys' fees to be awarded immediately after the jury retires to consider the damages on the breach of the purchase and sale agreement. Because the issue will be tried to the court, Avery's counsel may testify, if he so chooses.

Counsel are directed not to mention the attorneys' fees issue in the proceedings before the jury.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 7, 2010

cc: Laurie R. Bishop, Esquire
    Timothy A. Gudas, Esquire
    William C. Saturley, Esquire